IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JAMES E. LEVENS, III and
LUCY R. LEVENS                                                                PLAINTIFFS

v.                                                              CAUSE NO. 1:24CV357-LG-RPM

UNITED STATES OF
AMERICA                                                                       DEFENDANT

## ORDER GRANTING THE UNITED STATES' MOTION TO DISMISS FOR LACK OF JURISDICTION

Plaintiffs James E. Levens, III, and Lucy R. Levens filed this lawsuit to recover penalties the United States assessed due to their failure to timely pay their 2015 tax liability. The United States has filed a [6] Motion to Dismiss Plaintiffs' Complaint for Lack of Jurisdiction and for Failure to State a Claim. Plaintiffs did not file a response to the Motion or notify the Court of their intent not to respond, as required by Local Uniform Civil Rule 7(b)(3)(A). After reviewing the United States' submissions, the record in this matter, and the applicable law, the Court finds that the United States' Motion to Dismiss for Lack of Jurisdiction should be granted. The United States' alternative Motion to Dismiss for Failure to State a Claim is therefore moot.

## BACKGROUND

Plaintiffs reported a tax liability of $941,617.00 on their 2015 federal income tax return. The Internal Revenue Service assessed penalties and interest because Plaintiffs did not timely pay the tax due. On November 17, 2022, after submitting several payments toward their 2015 tax liabilities, Plaintiffs filed a Form 843

Claim, in which they requested "abatement of failure to pay penalties in the amount of . . . $178,686.27." Compl. [1] at 3, ¶4(f). The IRS did not respond to Plaintiffs' Claim. Therefore, Plaintiffs filed the present lawsuit against the United States seeking a "refund of overpaid penalties," interest, and attorney's fees pursuant to 26 U.S.C. § 7422(a) and 28 U.S.C. § 1346(a)(1). *Id.* at 4, ¶14(a). The United States now seeks dismissal of Plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6).

## DISCUSSION

Plaintiffs have the burden of demonstrating that the Court has jurisdiction over their case. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). And the Court must first consider the United States' Rule 12(b)(1) Motion to Dismiss for Lack of Jurisdiction before considering the Rule 12(b)(6) Motion on the merits. *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam).

"The United States, as sovereign, is immune from suit save as it consents to be sued." *Schaeffler v. United States*, 889 F.3d 238, 242–43 (5th Cir. 2018). The federal district courts and the United States Court of Federal Claims have concurrent jurisdiction over civil actions against the United States for the recovery of any penalty claimed to have been collected without authority. 28 U.S.C. § 1346(a)(1). This statutory provision of immunity "operates in conjunction with 26 U.S.C. § 7422 to provide a waiver of sovereign immunity in tax refund suits only when the taxpayer has fully paid the tax and filed an administrative claim for a refund." *Shanbaum v. United States*, 32 F.3d 180, 182 (5th Cir. 1994). Thus, in

order to plausibly show that the United States has waived sovereign immunity, Plaintiffs must allege: (1) that they fully paid the tax due before filing their lawsuit, and (2) that they filed a claim for refund "with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." *See id.*; *see also* 26 U.S.C. § 7422(a) (providing that a plaintiff must file an administrative claim for refund with the Secretary prior to filing a lawsuit for recovery of a penalty).

Plaintiffs state that they fully paid their tax liability prior to filing the present lawsuit. However, their complaint allegations reveal that they filed their Form 843 administrative claim before they paid all of the tax assessed, and they concede that their administrative claim was for abatement. The Internal Revenue Manual explains that "[a]n abatement is a request where the IRS assessed the tax[,] but the taxpayer has not paid. It is not a claim for refund because it does not include a request for credit or refund of an overpayment." 4.23.13.1.6 (07-01-2024).

The jurisdictional statute in this matter provides that, "No suit or proceeding shall be maintained in any court for the recovery . . . of any penalty claimed to have been collected without authority . . . ***until a claim for refund or credit*** has been duly filed with the Secretary. . . ." 26 U.S.C. § 7422(a) (emphasis added). As a result, this lawsuit raises the question of whether an administrative claim *for abatement* satisfies the requirement of a claim *for refund* under 26 U.S.C. § 7422(a). The Court of Federal Claims has addressed this issue and determined that Section 7422(a) does not confer jurisdiction where the plaintiff's administrative claim was

filed before the plaintiff had paid the tax in full. *Martti v. United States*, 121 Fed. Cl. 87, 100 (2015). This is because a Form 843 submitted in pursuit of abatement does not constitute a claim for refund. *Nasharr v. United States*, 105 Fed. Cl. 114, 120 (2012) (citing *Ertle v. United States*, 93 F. Supp. 619, 620 (Ct. Cl. 1950)). In other words, a claim for abatement of unpaid tax does not constitute a claim for refund of paid tax under the plain language of Section 7422(a).

Plaintiffs do not dispute that they failed to satisfy the jurisdictional requirements of Section 7422(a). In addition, they have conceded in their Complaint that they previously filed an administrative claim for abatement but in the present lawsuit, seek a refund.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the United States' [6] Motion to Dismiss is **GRANTED**. This lawsuit is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. The Court will enter a judgment of dismissal pursuant to Fed. R. Civ. P. 58.

**IT IS FURTHER ORDERED AND ADJUDGED** that the United States' [6] Motion to Dismiss Plaintiffs' Complaint for Failure to State a Claim is **MOOT**.

**SO ORDERED AND ADJUDGED** this the 9th day of June, 2025.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE